[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS APPOINTMENT COMPLAINT
The plaintiff Miller commenced this personal injury action to recover damages from the City of Norwalk (Norwalk) for injuries allegedly caused when she tripped and fell on the curb of a public sidewalk. The return day of her complaint was May 30, 2000. The defendant Norwalk served an apportionment complaint, pursuant to General Statutes § 52-102b on A.J. Rizzo Electrical Contractors, Inc. (Rizzo) which, Norwalk alleged, failed to keep the sidewalk reasonably safe while performing repairs and replacing traffic signals in the area, and it is further alleged, this failure was the cause, or a cause, of the plaintiff's injuries. The apportionment complaint was dated April 25, 2000 [sic], but it is conceded that this date was a typographical error and should have indicated the year 2001. The apportionment defendant Rizzo has moved to dismiss the apportionment complaint on the grounds it was not served in a timely fashion under Gen. Stat. § 52-102b. The motion is granted for the following reasons.
General Statutes § 52-102b permits a defendant in a civil negligence action, such as this case, to serve a writ, summons and complaint on a person or entity, not a party to the case, who is or may be liable for some portion of the plaintiff's damages. The relief demanded in the complaint shall be apportionment of liability. The statute states:
 Any such writ summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days CT Page 12828 of the return date specified in the plaintiff's original complaint.
Gen. Stat. § 52-102b(a). It is uncontested that Norwalk's apportionment complaint was served well in excess of 120 days after the May 30, 2000 return date of the Miller complaint.
The above statute is a legislatively created right allowing certain defendants to reduce damages that might be assessed against them to an amount which is proportionate with their degree of liability. There has been no appellate court interpretation of the impact of the 120 day limitation period quoted above; however, two distinct lines of Superior Court opinions have developed. One line holds that the time limitation is mandatory and failure to abide by it is a defect which deprives the court of subject matter jurisdiction over the apportionment complaint. See e.g. Ortiz v. Bridgeport Hospital, Superior Court, judicial district of New London, D.N. 547104 (Feb. 24, 2000, Corradino, J.); Bednaz v.Svindland, Superior Court, judicial district of New Haven, CV 99 125935 (June 12, 2000, Alander J.); Precision Electronic Assembly v. Goodman,
Superior Court, judicial district of Ansonia/Milford, CV98 0063451 (July 5, 2000, Arnold, J.); Tricon Int'l Ltd. v. United Construction, Inc.,
Superior Court, judicial district of Waterbury, CV 98 0153512 (Nov. 28, 2000, McWheeny, J.). A second line follows the considered decision inKetchale v. Unger, Superior Court, judicial district of New Haven, D.N. 396218 (July 15, 1998, Levin, J.) holding that the 120 day period in Section 52-102b(a) is directory, not mandatory, and denying a motion to dismiss an apportionment complaint served approximately one year after the original action was commenced.
This court agrees with those decisions holding that the 120 day provision is mandatory. The language of the statute is not ambiguous, and even if it were, the intent of the legislation is quite clear: the apportionment complaint must be brought within a specified period of time. The statute goes on to say that Section 52-102b is the "exclusive means" by which a defendant can add to the case a person who might be liable in a proportionate share of the plaintiff's damages.
While the court is aware that under certain limited circumstances the word "shall" should be interpreted as something less than a mandatory requirement. (see Bell v. Morelli, Superior Court, judicial district of Danbury, CV 00033 6111, April 3, 2001) this is not such a circumstance. There is not one iota of evidence in the language or context of the statute that the use of the word "shall" means anything other than a mandatory requirement. There would be no purpose served in articulating a time limitation if the requirement could be ignored. That is, in the end, the holding of Ketchale which states that the purpose of the 120 day limit is to "avoid the filing of eve of trial apportionment complaints" CT Page 12829 thereby delaying trial or other disposition of the case. There are such obviously better and clearer ways to reach that result than the language at issue (see e.g. Gen. Stat. § 52-102a(a)) that this court cannot conclude that was the intent of § 52-102b.
Norwalk contends, in the alternative, that the 120 day period should, in this case, be determined to run from the time a default against it for failure to appear was reopened. Norwalk asserts the original complaint was lost after it was served, and that the city only actually became aware of the Miller case on January 30, 2001 when a default judgment had entered against it. This argument has less appeal than analogous arguments which have been rejected. See, Cooksley v. New Britain,
Superior Court, judicial district of New Britain, CV 990498874 (April 2, 2001, Shapiro, J.) (third-party defendant/apportionment plaintiff's complaint dismissed because not served within 120 days of return date of plaintiff's original complaint even though third-party defendant was not a party to suit until three and one-half months after that return day);Bodell v. Schmidt, Superior Court, judicial district of Fairfield at Bridgeport, CV 98 0351664 (Feb. 1, 1999 Skolink, J.).
The Norwalk apportionment complaint also contained a contract indemnity claim against Rizzo. Rizzo contends this count should also be dismissed because it is not a proper element of an apportionment complaint or because permission from the court to implead Rizzo was not obtained. See Gen. Stat. § 52-12a; Practice Book § 10-11. Rizzo is correct. While Norwalk makes the practical suggestion that this court grant permission to implead Rizzo, at this time the court declines to do so without a proper motion pursuant to the above statute and Practice Book section.
 Conclusion
The apportionment defendant's motion is granted without prejudice to Norwalk's right to seek to implead Rizzo on a proper motion at an appropriate time.
Adams, J.